In the Matter of the Claim of MADELINE ADINOLFI, Respondent. MARTIN B. CATHERWOOD, as Industrial Commissioner, Appellant.

Third Department, May 5, 1960.

*Louis J. Lefkowitz, Attorney-General (Frank E. Sacco, Paxton Blair, Samuel Stern* and *Harold F. Lee* of counsel), for appellant.

*William J. Lake* and *Richard H. Jones* for respondent.

*Per Curiam.* The Industrial Commissioner has determined that claimant was ineligible for unemployment insurance benefits during certain periods from March, 1954 through February, 1956 because she was not available for employment or not totally unemployed. Because she had been overpaid in benefits and made false statements in connection with her right thereto, the Commissioner also imposed a penalty and an assessment.

These determinations have been reversed by the Unemployment Insurance Appeal Board. On the Commissioner's appeal to this court a single question is presented: the jurisdiction of the Appeal Board to entertain any review of the Commissioner's determinations.

The statute is both simple and explicit in providing how a claimant may review an adverse determination of the Industrial Commissioner. He does so, when he "is dissatisfied", by making a "request" for "a hearing" within 20 days of the mailing of notice of the determination. (Labor Law, § 620, subd. 1, par. [a] as it read in 1956.)

Here the determinations were made and separate notices of them mailed on May 7, 1956. Almost a year later (May 3, 1957) claimant's lawyer wrote to the Department of Labor stating that "I appeal herewith" from the decisions "and request a Referee's Hearing as soon as possible".

This was a clear and unequivocal request for a hearing, as contemplated by statute; but it was almost a year late. On May 10, 1956, within the statutory 20-day period, claimant's son, who was her employer, wrote a letter to the department on behalf of his mother in which he stated that she "accepts the determination * * * but she does so under protest".

He sent a check as a first payment of the assessment made by the Industrial Commissioner, and indicated the rest would be paid. The letter stated further: "She does not ask for a hearing because, she feels and so do I that to put it bluntly and to coin a phrase, 'You can't fight City Hall.'"

This was an indication of dissatisfaction with the determinations; but it is an acceptance of them notwithstanding the dissatisfaction; and it certainly does not do what the statute plainly says must be done to review a determination: "request a hearing".

In each of the two separate determinations sent the claimant on May 7, 1956, it was plainly stated that claimant may " ask for a hearing " within 20 days. The Appeal Board and its Referee were of opinion that a hearing on the merits as a matter of policy should be afforded " where a request therefor may reasonably be inferred ".

But in our view, a request for a hearing is not reasonably to be inferred. Although claimant was notified she might ask for a hearing, the first letter written on her behalf took quite another course. It stated that she " accepts the determination " and she " does not ask for a hearing " although her acceptance is under protest. Not until a year later did she request a hearing.

This is not a situation where a hearing is sought but the manner of seeking it is obscure and left for inference; it is a conscious rejection of the hearing procedure prescribed by statute. The Appeal Board acquired no jurisdiction.

The determination should be reversed and the Industrial Commissioner's decision of disqualification and penalty reinstated, without costs.

BERGAN, P. J., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Determination reversed and the Industrial Commissioner's decision of disqualification and penalty reinstated, without costs.